UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case No.: 10-29919 |
| LP WATCH GROUP, INC., *et al.*, ) | Jointly Administered |
| ) | |
| Debtors. ) | |
| _____) | |

**CHARLES WINSTON LUXURY GROUP, LLC'S MOTION
FOR IMMEDIATE RELIEF FROM THE AUTOMATIC STAY
PROVISIONS OF SECTION 362 OF THE BANKRUPTCY CODE**

**Emergency Hearing Requested**

**Basis for Requested Emergency Hearing**

**The Debtor respectfully requests the Court conduct an emergency hearing on this Motion, as it is essential for the Debtor to go forward with a state court hearing on its Motion for Summary Judgment as more fully set forth, *infra*, and said hearing is scheduled for July 21, 2010. Without adjudication, the Debtor and the bankruptcy estate will likely suffer significant, if not irreparable, harm as a result of ongoing and related intellectual property infringement. The Debtors respectfully request that the Court waive the provisions of Local Rule 9075-1(B), which requires an affirmative statement that a *bona fide* effort was made in order to resolve the issues raised in this motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.**

CHARLES WINSTON LUXURY GROUP, LLC, a Debtor and Movant herein ("CWLG"), by and through undersigned counsel, respectfully moves for entry of an order pursuant to Section 362(d) of Title 11 of the United States Code (the "Bankruptcy Code"), granting limited relief from the automatic stay as follows:

**Factual Background and Procedural History**

1. On December 2, 2009, Charles Winston (the "State Court Plaintiff") filed his Complaint for injunctive, declaratory and further relief against CWLG in the Circuit Court of the Seventeenth Judicial circuit on and for Broward County, Florida (the "State Court").

2. The resultant litigation, which is comprised primarily of a dispute between the State Court Plaintiff and CWLG with respect to the parties rights under an exclusive license agreement for use of intellectual property (the "Exclusive License Agreement") as well as employment-related claims (the "State Court Proceeding").

3. On January 29, 2010, CWLG filed its Answer, Affirmative Defenses and Counterclaim in the State Court Proceeding. Filed thereafter was CWLG's Motion for Summary Judgment as to Counts I and V (the "Motion for Summary Judgment"), filed on or about April 21, 2010. A true and correct copy of the Motion for Summary Judgment is attached hereto as **Exhibit "A"** for the Court's convenience.

4. On July 14, 2010, CWLG filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

5. CWLG's co-debtor entities, LP Watch Group, Inc. and A.G. Inc., also filed for relief under Chapter 11 on July 14, 2010, and by Order[1] of this Court are jointly administered with the CWLG bankruptcy.

6. The Motion for Summary Judgment is currently set for dispositive hearing in the State Court on July 21, 2010 (the "Summary Judgment Hearing").

---

[1] D.E. 19.

7. The Summary Judgment Hearing will likely determine the CLWG's legal rights under the exclusive license agreement (the "Exclusive License Agreement") with Charles Winston, a matter of primary and immediate concern to CLWG.

## Jurisdiction and Venue

8. The Court has jurisdiction over this Motion by virtue of 28 U.S.C. §§ 1334 and 157(b)(1) and General Rule 87.2 of the Local Rules of the United States District Court for the Southern District of Florida.

9. This motion for relief from the automatic stay, made pursuant to Bankruptcy Code Section 362(d) and Federal Rule of Bankruptcy Procedure 4001, is a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G).

10. Venue is properly before this Court pursuant to 28 U.S.C. § 1409(a).

## Relief Requested and Reasons Therefor

11. CWLG seeks limited relief from the automatic stay in order to enable the State Court to conduct the Summary Judgment Hearing scheduled for July 21, 2010.

12. Section 362(d) of the Bankruptcy Code provides that on request of a party in interest, and after notice and a hearing, the court will grant relief from the automatic stay "for cause". 11 U.S.C. § 362(d)(1).

13. A party asserting that cause exists for lifting the automatic stay carries the burden of establishing a legally sufficient basis for the relief; and as there is no clear definition of "cause" under § 362(d), discretionary relief from the automatic stay must be determined on a case by case basis. *In re Makarewicz*, 121 B.R. 262, 264-65 (Bankr. S.D. Fla. 1990).

14. A party that seeks the lifting of the automatic stay must first establish a *prima facie* showing of cause in order for that relief to be granted. *In re Paxson Electric Co.*, 242 B.R. 67, 70 (Bankr. M.D. Fla. 1999).

15. While what constitutes "cause" is based on the totality of the circumstances of a particular case, in deciding whether to lift the stay pursuant to § 362(d), Eleventh Circuit courts have had occasion to employ a three-prong test to determine whether just cause exists: (i) any great prejudice to either the bankruptcy estate or the debtor that would result from the continuation of a civil suit; (ii) hardship to the creditor in maintaining the stay weighed against the hardship to be imposed on the debtor if the stay is lifted; and (iii) whether the creditor[2] has a probability of prevailing on the merits of the case. *Makarewicz*, *supra*; *see also In re Salisbury*, 123 B.R. 913 (Bankr. S.D. Ala. 1990).

16. "It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties in their chosen forum and to relive the bankruptcy court from many duties that may be handled elsewhere." *In re Mack*, 347 B.R. 911, 915 (Bankr. M.D. Fla. 2006).

17. CWLG respectfully submits that no great prejudice would inure to either the bankruptcy estate or the Debtor itself in permitting the Summary Judgment Hearing to go forward as scheduled, given that it is scheduled in a forum chosen by the State Court Plaintiff.

18. Moreover, as CWLG is in the unusual position for filing a motion to modify its own automatic stay, the remaining two *Makarewicz* factors are not strictly applicable to the instant Motion. Nevertheless the totality of the circumstances favors relief from the stay.

---

[2] Or for purposes of the instant proceeding, the Movant.

19. A balancing of the hardships favors permitting the Summary Judgment Hearing to go forward, as injury continues to accrue to the Debtor (*see* paragraph 21, *infra*), and the Summary Judgment Hearing has been set, duly noticed and will take place expeditiously.

20. The final *Makarewicz* factor also favors relief from the stay, as the Debtor is confident of success on the legal merits of its position, and is aware of no governing law that would reasonably permit denial of its Motion for Summary Judgment.

21. So long as CLWG's position under the Exclusive License Agreement remains without adjudication, the Home Shopping Network and Reeves Park, Inc. continue to infringe on CLWG's exclusive license[3] to the irreparable detriment of the bankruptcy estate.

WHEREFORE, Debtor CHARLES WINSTON LUXURY GROUP, LLC, in accordance with the foregoing and pursuant to the applicable sections of the Bankruptcy Code, seeks entry of an order (i) terminating the automatic stay so that the scheduled Summary Judgment Hearing may go forward, and (ii) granting such other and further relief as may be just and proper under the circumstances.

**Dated: July 16, 2010.**                Respectfully submitted,

ARNSTEIN & LEHR LLP

By:/s/David A. Ray
Peter E. Shapiro
Florida Bar No.: 615511
David A. Ray
Florida Bar No.: 13871
200 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL  33301
Telephone:  954-713-7600
Facsimile:  954-713-7700
*Proposed Counsel for Debtors and Debtors-in-Possession*

---

[3] This continued infringement is the subject of pending Lanham Act litigation in the District Court for the Southern District of Florida, Case No. 10-cv-61125, and a hearing before Judge Dimitrouleas is presently set for Monday, July 19, 2010.